IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARPENTERS COMBINED FUNDS, INC., by James R. Klein, Administrator, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. ) |
| WINOLA CONSTRUCTION CORP. and WILLIAM E. BUCKLEY, | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

### Count I

### Carpenters Combined Funds, Inc. v. Winola Construction Corp.

### ERISA Collection Action

1. Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that Plaintiff is aggrieved by Defendant Contractor's failure to pay fringe benefit contributions and wage deductions in violation of a certain labor agreement entered into with the Greater Pennsylvania Council of Carpenters and its affiliated local unions (hereinafter "**Carpenters' Union**").

2. Plaintiff Carpenters Combined Funds, Inc. ("Funds") is a Pennsylvania non-profit corporation that maintains its principal place of business at 650 Ridge Road, Pittsburgh, Pennsylvania 15205.

3. The Funds administer various fringe benefit funds and act as a collection agent for such funds, as well as certain employer associations and unions. James R. Klein is the Administrator of the Funds.

4. The trustees of the various Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated the Funds as their agent for the collection of contributions payable to such funds on behalf of their trustees, participants, and beneficiaries.

5. Defendant Winola Construction Corp. ("Contractor") is engaged in the construction business and maintained its principal place of business at P.O. Box 403, Lake Winola, Pennsylvania 18625.

6. Defendant Contractor has entered into various labor agreements ("Agreements") with the Carpenters' Union pursuant to which Contractor was obligated to submit certain monthly payments to the Funds for pension, medical, annuity/savings, apprenticeship and dues for the benefit of employees covered under such Agreements.

7. In violation of such Agreements, Defendant Contractor has failed to make timely payments of principal contributions and wage deductions to the Funds for the period of May 2018 through February 2019, which has resulted in an estimated principal deficiency of $120,759.22. In addition, interest through April 2, 2019 is due of $70,231.02 and contractual/liquidated damages are due Plaintiff of $178,152.74, for a total deficiency of $369,142.98. Interest will continue to accrue after April 2, 2019 at the rate of $49.63 per day.

8. The Funds also claim any additional amounts that may be shown to be due as a result of any audits performed by the Funds or remittance reports submitted by Defendant Contractor to the Funds until the termination of this case. Defendant Contractor is obligated to submit to the Funds its March 2019 reports with payments by April 30, 2019 and all future reports with payment by the 30th of the month following the month in which the work is performed. The Funds estimate that each such monthly report will total at least $30,000.00. If Contractor submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by Contractor to the Funds, interest will be assessed on the principal amount thereof at 1 ¼% per month and liquidated/contractual damages at ten (10%)

percent times the principal amount owed by Contractor. In the alternative, the Funds reserve the right to assert a claim for such additional amounts due in a subsequent legal action.

9. The Funds have demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

10. Pursuant to ERISA, Defendant Contractor is also obligated to the Funds to pay the Fund's reasonable attorneys' fees equal to twenty percent (20%) of the total delinquency, but not less than Eight Hundred Fifty Dollars ($850.00). Such fees and expenses total $73,828.60 through April 2, 2019. The Funds also claim attorneys' fees on any additional amounts shown to be due to the Funds until termination of this case. In the alternative, the amount of such fees may be determined by the Court.

11. Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

12. The Funds are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes and labor agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, the Funds demand the following relief against Defendant Contractor:

(a) A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such Agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to the Funds pursuant to such Agreements, and enjoining Defendant Contractor from disposing of assets; and

   (b) For Defendant Contractor to be required to file complete and accurate remittance reports with the Funds covering all aspects of such Contractor's business operations from February 2019 through the present; and

   (c) For Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Contractor's covered employees for the last three years to enable the Funds to verify the accuracy of the amounts paid and/or due and owing by Contractor to the Funds; and

   (d) For a money judgment in favor of the Funds and against Defendant Contractor in the sum of $442,971.58, plus such additional amounts shown to be owed to the Funds until termination of this case, plus contractual/liquidated damages, attorneys' fees of 20% of total amount due, and costs of suit; and

   (e) For the Court to retain jurisdiction of the case pending compliance with its orders; and

   (f) For such other and further relief as the Court may deem just.

## COUNT II

## Carpenters Combined Funds, Inc. v. William E. Buckley

## ERISA Breach of Fiduciary Duty Action

   13. The averments contained in paragraphs 1 through 9 are hereby incorporated by reference herein.

   14. At all times material hereto, Defendant William E. Buckley ("W. Buckley") has served as the President of Contractor at the business address listed in Paragraph 5 of this Complaint.

   15. At all times material, Defendant W. Buckley was and is responsible for overseeing the collection of all monies payable to Contractor resulting from the work performed by carpenters employed under such Agreement.

16. At all times material, Defendant W. Buckley was also responsible for overseeing the submittal of monthly remittance reports and fringe benefit contributions to the Funds in Pittsburgh.

17. At all times material, Defendant W. Buckley had check signing authority, signed checks, and had the right to make decisions as to what obligations and/or payments of Contractor were to be paid and which ones were not to be paid.

18. At the time such fringe benefit contributions became due and payable by Contractor to the Funds, such monies became assets of the Funds.

19. At all times material, W. Buckley was aware of the obligations of Contractor to timely pay fringe benefits to the Funds.

20. W. Buckley prioritized payment of corporate expenses that personally benefitted him over payment to the Funds.

21. Based upon the foregoing, Defendant W. Buckley constitutes a "fiduciary" under ERISA.

22. Based upon the foregoing, Defendant W. Buckley violated his duty of loyalty to the beneficiaries of the Funds.

23. Based upon the foregoing, Defendant W. Buckley also breached his fiduciary duty to the Funds by failing to cause Contractor to pay to the Funds such contributions once they became due and payable, and are therefore personally liable for all fringe benefits and associated interest, contractual/liquidated damages, attorneys' fees, and legal costs owed by Contractor to the Funds.

24. The estimated principal contributions owed to the Funds from July 2018 through February 2019 total $111,098.48. In addition, interest through April 2, 2019 of $64,612.55 is due and contractual/liquidated damages of $163,900.52 are due to the Funds, for a total deficiency of $339,611.55. Interest will continue to accrue after April 2, 2019 at the rate of $45.66 per day.

25. The Funds also claim any additional amounts that may be shown to be due as a result of any audits performed by the Funds or remittance reports submitted by

Contractor to the Funds until the termination of this case.  Contractor is obligated to submit to the Funds its March 2019 reports with payments by April 30, 2019 and all future reports with payment by the 30th of the month following the month in which the work is performed.  The Funds estimate that the fringe benefits due for each such monthly report will total at least $27,600.00.  If employer submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by Contractor to the Funds, interest will be assessed on the principal amount thereof at 1 ¼% per month and liquidated/contractual damages at ten percent (10%) times the principal amount owed by Contractor.  In the alternative, the Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

26. The Funds have demanded from Defendant W. Buckley payment of all such amounts due, but such individual Defendant has neglected and continues to neglect to pay such amounts.

27. Pursuant to ERISA, Defendant W. Buckley is also obligated to the Funds to pay the Fund's reasonable attorneys' fees of twenty (20%) percent of the total delinquency or $1,000.00 whichever is greater.  Such fees and expenses total $67,922.31 through April 2, 2019.  The Funds also claim attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to the Funds until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, the Funds demand that judgment be entered against Defendant, William E. Buckley, in the amount of $407,533.86, plus interest from April 2, 2019 at a per diem rate of $45.66, plus additional amounts shown to be due plus legal costs.

## COUNT III

### Carpenters Combined Funds, Inc. v. William E. Buckley

### State Common Law Conversion Action

28. The averments contained in paragraphs 1 through 9 of this Complaint are hereby incorporated by reference herein.  The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

29. Pursuant to such Agreement, Contractor withheld monies from its employees' wages for union dues and legislative funds that were required to be remitted to the Funds.

30. In violation of such Agreement, Contractor failed to remit such deductions for union dues and legislative funds to the Funds.

31. At all times relevant to this action, Defendant W. Buckley had the authority and the responsibility to remit such employee wage withholdings to the Funds.

32. At all times material, Defendant W. Buckley exercised dominion and control over the estimated employee wage withholdings totaling $9,660.74, and authorized and/or permitted such monies to be used to pay other obligations of Contractor.

33. Contractor is obligated to submit to the Funds its March 2019 reports with payments by April 30, 2019 and all future reports with payment by the 30th of the month following the month in which the work is performed. The Funds estimate that the wage withholdings in each such monthly report will total at least $2,400.00.

34. Based upon the foregoing, Defendant, W. Buckley intentionally converted such monies that were rightfully due and payable to the Funds.

35. The Funds are also entitled to receive from Defendant, W. Buckley interest through April 2, 2019 on such late payments of $5,618.47, plus additional interest from April 2, 2019 of $3.97 per day.

WHEREFORE, the Funds demand entry of a judgment in its favor and against William E. Buckley in the amount of $15,279.21 plus additional interest from April 2, 2019, plus additional amounts shown to be due, plus costs of suit.

TUCKER ARENSBERG, P.C.

*s/Neil J. Gregorio*
Neil J. Gregorio, Esquire
PA I.D. #90859
Jeffrey J. Leech, Esquire
PA I.D. #19814
Ian M. Grecco, Esquire
PA I.D. #324372

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Attorneys for Plaintiff,
Carpenters Combined Funds, Inc.

Lit-5117717.1:010342-175115